IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:09-CV-03337-MDH |
| ) | |
| DONALD ROMANIK, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Government's Motion for Conditional Release. (Doc. 28). Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the government's motion was referred to the United States Magistrate Judge for preliminary review under 28 U.S.C. § 636(b). Defendant has waived his right to file exceptions, and the matter is ripe for review.

The Magistrate Judge conducted a hearing on June 4, 2019, and submitted a report and recommendation on June 6, 2019 recommending that the Government's Motion be granted and that Defendant be conditionally released. (Doc. 31). After careful review of the record, including the Warden's proposed conditions of release, the Court agrees with the Magistrate Judge's report and finds by a preponderance of the evidence that Defendant has recovered from his mental disease to such an extent that his conditional release under a prescribed regimen of care would no longer create a substantial risk of bodily injury to another person or serious damage to property of another. Accordingly, it is hereby **ORDERED** that the Report and Recommendation of the Magistrate Judge is **ADOPTED** and that the Government's Motion for Conditional Release is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant be, and is hereby, conditionally released pursuant to 18 U.S.C. § 4246(e) under the following conditions:

1). Defendant shall reside with his sister, Deborah Purcell, at 45 Bellevue Drive, Apt. 3, Collinsville, IL 62234-1885, (618) 623-2545. Any change in residence must be pre-approved by the U.S. Probation Office.

2). Defendant shall actively participate in, and cooperate with, a regimen of mental health care and psychiatric aftercare as directed by the treating mental health provider. This is to include his voluntary admission to an inpatient program for stabilization should it be deemed necessary.

3). Defendant shall continue to take medication, including injectable units, as prescribed for him by the medical provider.

4). Defendant shall waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising probation officer and other mental health treatment providers, who will assist in evaluating his ongoing appropriateness for community placement.

5). Defendant shall refrain from the use of alcohol and illegal drugs, as well as the abuse of over-the-counter medications, and submit to random urinalysis testing as warranted by treating mental health staff and/or the probation officer. This also includes participating in substance abuse treatment as deemed necessary by the treatment provider.

6). Defendant shall not have in his possession, at any time, actual or imitation firearms or other deadly weapons and he may not write, say, or communicate threats. Defendant shall submit his person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation.

Defendant shall warn persons with whom he share a residence that the premises may be subject to search.

7). Defendant shall report to the probation office any and all electronic communication service accounts as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, e-mail accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and will report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within five days of such action. Failure to provide accurate account information may be grounds for revocation. The probation office is permitted to access and search any account(s) using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that he has violated a condition of his supervision and that the account(s) to be searched contain evidence of this violation.

8). Defendant shall allow the supervising probation officer or designee to conduct periodic random inspections, including retrieval and copying of data from the computer and any internal or external peripherals. This may require removal of the equipment for purposes of a more thorough inspection. Further, Defendant shall not possess or use any public or private data encryption technique or program. He may be required to purchase hardware or software systems that monitor his computer usage and will consent to installation of such systems on his computer.

9). Defendant shall not commit a federal, state, or local crime, and will immediately notify his probation officer if he is arrested or questioned by any law enforcement officer. He will not associate with any person convicted of a felony unless granted permission to do so from his probation officer.

10). Defendant shall follow the instructions of the probation officer related to the conditions of supervision.

11 ). Annual reports will be written by the U.S. Probation Office regarding the status of Defendant's conditional release. The report should be submitted to the Legal Department at USMCFP Springfield, Missouri, for filing with the Court.

**IT IS SO ORDERED.**


DATED:      June 12, 2019

                                                             */s/ Douglas Harpool*
                                                            **DOUGLAS HARPOOL**
                                                            **UNITED STATES DISTRICT JUDGE**